IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02834-RBJ-CBS

DEBORAH WITT,

       Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP, a Delaware limited partnership,

       Defendant.

## PROTECTIVE ORDER

Pursuant to stipulation of the parties and in accordance with the provisions of Fed.R.Civ.P. 26(c),

IT IS HEREBY ORDERED THAT:

1. Confidential information shall be designated by stamping "CONFIDENTIAL" or "ATTORNEY EYES ONLY" on the copies of the document produced. Stamping "CONFIDENTIAL" or "ATTORNEY EYES ONLY" on the cover of any multipage document shall designate all pages of the document as Confidential Material, unless otherwise stated by the producing party. In the case of deposition testimony, a party may request at the time a question is asked, or at the end of the deposition, that any portion of the deposition transcript be designated confidential. A party may designate any portion of a deposition as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" after transcription of the deposition, provided that written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

2. Information shall be designated "CONFIDENTIAL" only after counsel for the party making the designation has reviewed, or heard, the information and believes, in good faith and after completing a reasonable investigation to determine that the information is in fact confidential, that the information is confidential or otherwise entitled to protection.

3. Information shall be designated as "ATTORNEY EYES ONLY" only after counsel for the party making the designation has reviewed, or heard, the information and believes, in good faith and after completing a reasonable investigation to determine that the information is in fact sensitive and/or proprietary business information, that the information is sensitive and/or proprietary business information entitled to the heightened protection beyond being classified as "CONFIDENTIAL".

4. Documents designated as ATTORNEY EYES ONLY shall have the same protections as CONFIDENTIAL documents under paragraph 5 below except with regard to third-party disclosures. With regard to third-party disclosures, counsel for the parties shall not disclose or permit the disclosure of any documents designated ATTORNEY EYES ONLY under the terms of this Order to any other person or entity except counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit, unless otherwise agreed to in writing by the party who designated such documents. If counsel intends to use any information designated as ATTORNEY EYES ONLY during a deposition other than a deposition of the party or employee(s) of the party designating the information as ATTORNEY EYES ONLY, counsel must first obtain an acknowledgment (in the form set forth at Attachment 1 hereto) from the deponent that he or she has read and understands the terms of this Order and is bound by it. If counsel has obtained an acknowledgement, the witness may see the ATTORNEY EYES ONLY document during the deposition only, and counsel may examine the witness regarding the document. The witness may identify the ATTORNEY EYES ONLY document on the record by general description and numerical production label (such as a Bates label) only. In the event a party intends to file a document designated as ATTORNEY EYES ONLY with Court, the filing party shall

file the document in accordance with D.C.Colo.LCivR 7.2 and the Court's Practice Standards.

5. The information designated "CONFIDENTIAL" discussed in ¶1 above, and all tangible embodiments thereof, all copies thereof, the substance thereof, and all information contained therein (hereinafter collectively referred to as "Confidential Material"):

(a) shall not be disclosed or distributed by counsel, or any other person receiving, viewing or hearing the Confidential Material ("Receiving Person") to any person other than to (1) counsel for either party as identified in ¶10 below, (2) insurance carriers for either party, (3) partners, employees and agents of counsel for either party, (4) any consulting or testifying experts hired by counsel for either party, who are assisting counsel in preparation of this action for trial (subject to ¶5(c) below), (5) the Court and its employees, and (6) Plaintiff ("Plaintiff") and Defendant (the "Defendant"), its officers, directors and employees;

(b) shall be filed with the Court, should filing be desired or required, in accordance with D.C.Colo.LCivR 7.2 and the Court's Practice Standards; and,

(c) shall not be disclosed to any consulting or testifying expert unless the party making the disclosure follows the provisions of ¶7 of this Protective Order.

6. By agreeing to the limited disclosure permitted under this Protective Order, no party waives its claim that Confidential Material is confidential and/or that Attorney Eyes Only material is sensitive and proprietary business information. All parties agree that a disclosure in accordance with this Protective Order does not constitute a waiver of a party's claim or position that the information so disclosed is confidential and/or Attorney Eyes Only. All parties agree that no party will contend that the failure to mark a particular document "CONFIDENTIAL" AND/OR "ATTORNEY EYES ONLY" or to designate any portion or a deposition as "CONFIDENTIAL" AND/OR "ATTORNEY EYES ONLY" constitutes a waiver of the other party's position, if any, that a document or a portion of a deposition contains Confidential Material and/or Attorney Eyes Only Material, unless the party seeking to assert waiver first notifies the other party in writing

of its intention to claim waiver and gives the other party three (3) business days within which to designate as Confidential and/or that Attorney Eyes Only the document or portion or deposition transcript at issue.

7. Before disclosing any Confidential Material to any consulting or testifying expert, counsel for the disclosing party or parties shall have the consulting or testifying expert read this Protective Order and shall explain the contents of this Protective Order to that person. The consulting or testifying expert shall agree to be bound to the terms of this Protective Order and shall execute a declaration identical to Exhibit "1" attached hereto.

8. During any deposition, Confidential Material may be disclosed to any deponent. Before that disclosure is made, the disclosing party shall advise the deponent (as well as counsel, if any, representing the deponent) that the information about to be disclosed is subject to this Protective Order and that any further disclosure of the Confidential Material by the deponent (or by his or her counsel) shall constitute a violation of the Protective Order.

9. Before trial, the parties will address the method for protecting the confidentiality of the Confidential Material and/or Attorney Eyes Only Material during trial.

10. In accordance with this Protective Order, counsel for the parties are:
    A. In the case of Plaintiff: David M. Larson, Esq.
    B. In the case of Defendant: William S. Helfand, Esq. and Michael W. Twomey, Esq.

It is the responsibility of the attorneys whose signatures appear below to ensure that their partners, employees and agents who may have access to Confidential Information and/or Attorney Eyes Only Information shall be apprised of, and adhere to, this Protective Order.

11. A party may object to the designation of particular Confidential Material and/or Attorney Eyes Only Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the

objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party designating the information as CONFIDENTIAL AND/OR ATTORNEY EYES ONLY shall have the obligation to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL AND/OR ATTORNEY EYES ONLY under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL AND/OR ATTORNEY EYES ONLY and shall not thereafter be treated as CONFIDENTIAL AND/OR ATTORNEY EYES ONLY in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL AND/OR ATTORNEY EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL AND/OR ATTORNEY EYES ONLY.

12. The termination of proceedings in this action shall not relieve any person to whom Confidential Material and/or Attorney Eyes Only Material was disclosed from the obligation of maintaining the confidentiality of such material in accordance with the provisions of this Protective Order.

13. Upon final termination of this action, including any appeal, each party shall assemble and shall destroy all items designated as Confidential Material and/or Attorney Eyes Only Material by the other party in accordance with the Colorado Rules of Professional Conduct.

14. This Protective Order shall be without prejudice to the right of the parties: a) to bring before the Court at any time the question of whether any particular document or information is Confidential Material and/or Attorney Eyes Only Material or whether its use should be restricted; or, b) to present a motion to the Court under Fed.R.Civ.P. Rule 26(c) for a separate protective order as to any particular document or information, including restriction differing from those as specified herein.

15.     This Protective Order shall not be deemed to prejudice the parties in any way from making future application to this Court for modification of this Order.

16.     This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without unnecessarily involving the Court in the process. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceeding pursuant to this Protective Order shall be deemed to be an admission or waiver by either party, or to be an alteration of the confidentiality or non-confidentiality or the discoverability or non-discoverability or the admissibility or inadmissibility of any such document or information, or to be an alteration of any existing obligation of any party or the absence of any such obligation.

17.     The existence of this Protective Order, including the fact that it was entered into by the parties shall not be admissible at trial of the present action, nor shall it be admissible in any other court, administrative agency or tribunal for any party, with the exception of a proceeding to enforce or interpret the terms of this Protective Order.

18.     To the extent that any discovery is taken from any person who is not a party to this action ("Third Party"), and in the event such Third Party contends the discovery sought involves Confidential Material and/or Attorney Eyes Only Material, then such Third Party may agree to execute and be bound by this Protective Order.

DATED at Denver, Colorado, on December 30, 2014.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

ACCEPTED AND APPROVED AS TO FORM:

s/ David M. Larson							s/ Michael W. Twomey

_____			_____
David M. Larson, Esq.					Michael W. Twomey, Esq.
88 Inverness Circle East, Suite E-102	Chamberlain, Hrdlicka, White,
Englewood, Colorado 80112				Williams & Aughtry, PC
Telephone: (303) 799-6895				1200 Smith Street, Suite 1400
Attorney for the Plaintiff				Houston, TX 77002
										Telephone: (713) 658-1818
										Attorney(s) for the Defendant