IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-2834-RBJ-CBS

DEBORAH WITT,

    Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP, a Delaware limited partnership,

    Defendant.

---

## ORDER

---

This matter is before the Court on the December 23, 2014 Recommendation [ECF No. 70] of Magistrate Judge Craig B. Shaffer that the Court deny the defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 51]. The Recommendation, which took the form of a ruling from the bench without a written order, is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The Recommendation advised the parties that specific written objections were due by January 6, 2015. The defendant filed a timely objection on January 6, 2015 [ECF No. 77].

**STANDARD OF REVIEW**

Following the issuance of a magistrate judge's recommendation on a dispositive matter, the district court judge must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The district judge is permitted to

1

"accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions." *Id.* "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")).

## BACKGROUND

The plaintiff, Ms. Witt, filed this lawsuit on October 17, 2013 alleging violations of the Fair Debt Collection Practices Act ("FDCPA") by the defendant, GC Services. Under the FDCPA a plaintiff is entitled to her actual damages, up to $1000 in statutory damages, reasonable attorney's fees, and costs. 15 U.S.C. § 1692k(a). In this case, Ms. Witt waived any claim for actual damages; in turn, the maximum amount she sought to recover was $1000 in damages plus reasonable attorney's fees and costs.

On November 7, 2013 GC Services served an offer of judgment on Ms. Witt under Fed. R. Civ. P. 68. The offer stated, in part: "GC Services offers the amount of One Thousand Dollars ($1,000.00), plus recoverable costs of the action, together with reasonable and necessary attorney's fees as determined by the Court. This amount, collectively, serves to satisfy all claims Plaintiff asserts against GC Services in this suit." Offer of Judgment [ECF No. 53-1] ¶ 3. Ms. Witt never accepted the offer, instead lodging untimely objections to certain portions of it on the basis that the offer was not for full and complete relief of her claims. *See* February 2014 Email Exchange [ECF No. 57-1]. The defendant contends otherwise and argues that Ms. Witt's lawsuit

is moot because she failed to accept an offer that was in full relief of her claims. In turn, it filed the present motion to dismiss for lack of subject matter jurisdiction.

Judge Shaffer read the briefs, investigated the case law, and heard oral argument on the motion. In consideration of all of the arguments presented to him and of the case law before him, he found that the failure to accept the offer did not render the case moot. While he acknowledged a Tenth Circuit case suggesting (but not holding) otherwise, *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1243 (10th Cir. 2011), he explained that three more recent cases persuaded him to rule in the plaintiff's favor: the dissent from *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013); the recent Eleventh Circuit decision in *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698 (11th Cir. 2014); and Chief Judge Krieger's recent decision in *Delgado v. Castellino Corp,* No. 13-CV-03379-MSK-MJW, 2014 WL 4339232 (D. Colo. Sept. 2, 2014). Judge Shaffer ultimately recommended that the Court deny the defendant's motion to dismiss for lack of subject matter jurisdiction.

The defendant filed an objection, arguing that the cases relied on by Judge Shaffer were inapplicable to the present suit because they concerned whether a named plaintiff could moot the claims of an entire class by rejecting an individual settlement offer, whereas this case concerns an individual action. Upon a *de novo* review of the cases, the Court disagrees. The cases consider not only the implications of a rejected offer on a class-wide basis but also the question at hand: whether non-acceptance of a defendant's offer of settlement in the full amount of the plaintiff's possible recovery renders the plaintiff's claim moot, thereby depriving the plaintiff of standing to pursue the claim. *See Genesis Healthcare*, 133 S. Ct. at 1533–34 (Kagan, J., dissenting); *Stein*, 772 F.3d at 702–04; *Delgado*, 2014 WL 4339232 at *1–2. And the Court

3

agrees with Judge Shaffer that the dissenting opinion in *Genesis Healthcare*, which finds that non-acceptance does *not* moot a plaintiff's claim, is the better reasoned approach.

I pause to add that in this respect the dissent did not disagree with a position taken by a majority of the Supreme Court, but instead addressed a question that the majority declined to confront. As the court explained in *Delgado*, "four members of the dissent have indicated, in stark and unflinching terms, that they absolutely reject the notion that an unaccepted Offer of Judgment can operate to moot a plaintiff's claim." 2014 WL 4339232 at *3. On the other hand, "the majority merely *assumes* the applicability of a doctrine that the dissent so vigorously rejects, never actually endorsing it." *Id.* (emphasis in original). The *Delgado* order also expands on the Tenth Circuit *Lucero* opinion, explaining that it "expresses only lukewarm enthusiasm for the [mootness-by-unaccepted-offer] doctrine, acknowledging only that 'other circuits have concluded' that a sufficient offer activates the mootness doctrine." *Id.* (quoting *Lucero*, 639 F.3d at 1243). This Court agrees with Chief Judge Krieger's analysis. Given the weight of the statements of four justices of the Supreme Court alongside the failure of the Tenth Circuit to ever expressly adopt the mootness-by-unaccepted-offer doctrine, the Court errs on the side of caution and finds that Ms. Witt's claims are not moot.

However, in the circumstances presented here, the Court declines to permit Ms. Witt's claims to move forward to trial. "[A] court has discretion to halt a lawsuit by entering judgment for the plaintiff when the defendant unconditionally surrenders and only the plaintiff's obstinacy or madness prevents her from accepting total victory." *Genesis Healthcare*, 133 S. Ct. at 1536 (Kagan, J., dissenting); *see also Miranda v. Receivables Performance Mgmt., LLC*, No. 12-CV-02507-MSK-MJW, 2013 WL 3958367, at *2 (D. Colo. Aug. 1, 2013). Regardless of whether

Ms. Witt had good cause to refuse the offer as tendered, if the Court remedies the alleged defects so that the offer proposes complete relief, there can be no arguable reason for Ms. Witt to refuse to accept it. As such, the Court deems GC Services' offer to constitute an offer of $1000 in statutory damages, costs, and a reasonable attorney's fee. The Court further deems Ms. Witt to have accepted it. *See Miranda*, 2013 WL 3958367 at *2. The Court will enter judgment in favor of Ms. Witt on those terms.

Accordingly, the Recommendation of the United States Magistrate Judge [ECF No. 70] is ACCEPTED and ADOPTED IN PART. It is further ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 51] is DENIED. As indicated *supra*, the Court deems Ms. Witt to have accepted the defendant's reformed offer of judgment. The parties are directed to confer and to attempt in good faith to reach an agreement on costs and attorney's fees within 14 days, taking into consideration that Judge Shaffer (borrowing an expression from Justice Kagan) characterized the excessive litigation in this case as "madness." If the parties cannot agree, the Court will accept briefs consistent with Fed. R. Civ. P. 54(d)(2) and D.C.COLO.LCivR 54.3 not to exceed five pages per side and might hold an evidentiary hearing to address the reasonableness of the attorney's fees.

DATED this 20th day of January, 2015.

BY THE COURT:

*[signature]*

_____
R. Brooke Jackson
United States District Judge