IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-2834-RBJ-CBS

DEBORAH WITT,

    Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP, a Delaware limited partnership,

    Defendant.

---

## ORDER

---

    This matter arises out of a Fair Debt Collection Practices Act (FDCPA) claim for $1000 in statutory damages plus costs and reasonable attorney's fees. Though the claim could have been settled in November 2013 pursuant to an offer in full from the defendant, the plaintiff unreasonably refused to settle the case at that time. In response the defendant moved to dismiss the claim as moot. I denied the defendant's motion, and to assist in the resolution of the case I ordered that judgment be entered in favor of the plaintiff for the full amount of the claim. [ECF No. 78]. As I stated in the order, "a court has discretion to halt a lawsuit by entering judgment for the plaintiff when the defendant unconditionally surrenders and only the plaintiff's obstinacy or madness prevents her from accepting total victory." *Genesis Healthcare*, 133 S. Ct. at 1536 (Kagan, J., dissenting); *see also Miranda v. Receivables Performance Mgmt., LLC*, No. 12-CV-02507-MSK-MJW, 2013 WL 3958367, at *2 (D. Colo. Aug. 1, 2013).

I also indicated that the parties were to confer and attempt to resolve the question of reasonable attorney's fees. Unsurprisingly, the parties could not agree to an amount. Plaintiff's counsel believes he is entitled to fees through at least January 2015 and seeks $13,000 for 73.4 hours of work at $250 per hour (voluntarily reduced by $5,350). The defendant, on the other hand, opposes the entry of judgment against it unless it is entered effective as of November 21, 2013, the last day the offer was valid. Accordingly, the defendant opposes paying any attorney's fees accrued past this date as unreasonable. The Court agrees with the defendant.

The sole dispute over the November 2013 settlement offer concerned the use of the term "reasonable and necessary" to describe the attorney's fees. Specifically, the defendant offered to the plaintiff $1000 in statutory damages "plus recoverable costs in the action, together with reasonable and necessary attorney's fees, as determined by the Court." [ECF No. 53-1 at 1]. The plaintiff rejected this offer on the grounds that the FDCPA provides for the collection of "a reasonable attorney's fee," arguing that the inclusion of the term "necessary" unreasonably limited the recoverable fee. The Court disagrees. A reasonable attorney's fee must by its very nature be necessary. *See, e.g.*, Colo. RPC 1.5(a)(1) (2012) (considering the time and labor **required** to perform the work when determining the reasonableness of an attorney's fee); *Gregg v. N.A.R., Inc.*, No. 13-CV-01313-PAB-BNB, 2014 WL 959412, at *2 (D. Colo. Mar. 12, 2014) ("[F]ees will be denied for excessive, redundant, and otherwise **unnecessary** expenses."). It was not improper for the defendant to include the term "necessary" in its offer, especially considering that it left the determination of the "reasonable and necessary" fee to the Court's discretion.

The settlement offer should have been accepted in full by November 21, 2013. In turn, the Court will enter judgment in favor of the plaintiff effective as of that date. Plaintiff's

counsel, Mr. Larson, is likewise entitled to any reasonable (and necessary) attorney's fee incurred up to that date.

The Court has reviewed the billing provided by Mr. Larson through November 21, 2013 and finds that the eight hours spent on the case was excessive. Considering Mr. Larson's considerable familiarity with these cases (and settlement offers), that the pleading is effectively a form complaint, and that some of the three hours initially spent with Ms. Witt were consultative, the Court finds that no more than five hours of work was necessary (i.e. reasonable). At a rate of $250 per hour Mr. Larson is entitled to $1250 in reasonable attorney's fees. With respect to costs, the plaintiff must file her bill of costs with the clerk's office pursuant to the local rules.

Accordingly, the Court hereby ORDERS that judgment SHALL ENTER in favor of the plaintiff effective November 21, 2013. Judgment SHALL ENTER in the amount of $1000 in statutory damages, $1250 in attorney's fees, and reasonable costs to be determined by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

It is further ORDERED that the plaintiff's motion for attorney's fees [ECF No. 81] is GRANTED IN PART and DENIED IN PART and her motion for entry of judgment [ECF No. 83] is GRANTED consistent with the Court's order.

DATED this 16th day of March, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge